## WESCO FOODS CO. v. DEMASE et al.
### Clv. No. 8304.

United States District Court
W. D. Pennsylvania.
Oct. 8, 1951.

Gilbert E. Morcroft, Pittsburgh, Pa., for complainant.

Harvey A. Miller, Jr., Pittsburgh, Pa., for respondent.

McVICAR, District Judge.

Complainant, Wesco Foods Company, sold to Demase and Manna, respondents, on or about May 7, 1948, a carload of tomatoes at a price specified, shipment to be made from Palmetto, Florida to Pittsburgh, Pennsylvania. The tomatoes arrived at Pittsburgh 2:48 a. m. May 10, 1948. The total sales price was $2,772.50 f. o. b. Palmetto, Florida. Respondents did not accept the tomatoes and consequently the same were resold at a price of $858.27. An action was brought before the Secre-

tary of Agriculture under the Perishable Agricultural Commodities Act, 7 U.S.C.A. § 499a et seq., who found in favor of the complainant in the amount of $1,914.23, with interest thereon at the rate of 5% per annum. The above amount was the difference between the sales price and the amount for which the tomatoes were resold at Pittsburgh. Appeal was taken from the judgment of the Secretary of Agriculture to this Court and this is the action now pending. Respondents moved for judgment in their favor notwithstanding the verdict of the jury for the complainant, and also moved for a new trial.

Under the findings of fact and orders of the Secretary which are prima facie evidence, and the contract, invoices and other written and oral evidence, the motion for judgment n. o. v. must be refused.

Respondents contend and allege that the case should not have been submitted to the jury on the question of ownership of the property. This contention cannot be sustained because there was evidence from the contract, invoice, findings of fact and orders of the Secretary and other evidence that complainant was the owner of the carload of tomatoes involved in this case.

Respondents contend that the Court erred in refusing to strike out the testimony of the witness Code as to ownership of the tomatoes involved. This evidence had been heard previously by the jury. The most of it received without objection. This witness testified from contracts and other evidence before the jury, and consequently was heard by them. Under these circumstances there was no error in refusing respondents' motion to strike.

Rule 61 of the Rules of Civil Procedure, 28 U.S.C., provides: "No error in either the admission or the exclusion of evidence * * * is ground for granting a new trial or for setting aside a verdict * * * unless refusal to take such action appears to the court inconsistent with substantial justice." The refusal of a new trial is not inconsistent with substantial justice.

Respondents contend that the Trial Judge erred in refusing to admit evidence of a separate suit before the United States Department of Agriculture involving a companion carload to the one in suit. I am of the opinion that this offer was incompetent and irrelevant as to the issues in the present case.

Respondents also allege and contend that the Court erred in affirming and reading to the jury complainant's Point No. 3, which reads: "Failure of the Respondents to take action to notify the seller of their rejection of the produce within one hour after they received either an oral or a written report of the Government inspection of May 11, 1948, constituted acceptance of the tomatoes and made their later rejection unlawful."

This point was correctly affirmed under the rules and regulations applicable to this case. (Section 46.24 subsections (r) and (s) of the Regulations, Code of Federal Regulations of the United States of America, Cumulative Supplement, Titles 4 to 9, pages 1757 and 1758.)

This Court has considered all the reasons for the motion for judgment n. o. v. and for a new trial and finds that all of said reasons are without merit and, therefore, that both of said motions should be refused.

## On Motion to Correct Verdict.

And Now, to wit. October 8, 1951, this action came before the Court on the motion of complainant dated May 15, 1951, to correct the verdict of the jury in the amount of $1,914.23 by adding interest thereon at the rate of 5% per annum from June 1, 1948, under Rule 60 of the Rules of Civil Procedure, and after hearing and consideration thereof, the motion is refused.

## Opinion.

Complainant relies on Rule 60(a) of the Rules of Civil Procedure for the motion which he made to correct the amount of the verdict and judgment by adding interest thereto. This Rule applies to clerical mistakes. I am of the opinion that there was no clerical mistake in this case. The Court directed the jury that if they found for the complainant, they should find for the damages caused by breach of contract and to

this amount add interest at the rate of 5%. The jury in its verdict rendered it for the amount of damages (without interest) in the amount of $1,914.23, and stated that this amount "only" was found.